IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHAWN T. FOX,

        Petitioner,

    v.

BRIAN BELLEQUE,

        Respondent.

Civil No. 04-303-ST

FINDINGS AND RECOMMENDATION

    Kathleen M. Correll
    Attorney at Law
    4300 NE Fremont St, Ste. 230
    Portland, Oregon 97213

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Kristen E. Boyd
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state convictions and sentences. For the reasons which follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied.

## BACKGROUND

On November 23, 1994, petitioner traveled to the Mar-Don Hotel in Salem with a .45 caliber semi-automatic handgun intending to rob Jose Perez of drugs and money. Three witnesses were present during the confrontation between Perez and petitioner, and they all observed petitioner point the handgun at Perez, order him into the rear bedroom, and demand money and drugs from him. Trial Transcript, pp. 571-74, 636-43, 679-86. Petitioner ultimately shot Perez in the head, killing him instantly. All three witnesses were present and heard the shot fired, but all were looking away at the moment Perez was killed. *Id* at 572-74, 602-03, 641-43, 692.

Petitioner instructed his attorneys not to pursue a defense of accidental discharge which, if successful, would have resulted in a Felony Murder conviction. Instead, at the risk of being convicted of Aggravated Murder, he asked them to present a defense that he was not the shooter. Respondent's Exhibit 119, pp. 24-26. Petitioner's attorneys complied with his wishes, and the jury convicted him of two counts of Aggravated Murder, two counts of

2 - FINDINGS AND RECOMMENDATION

Murder with a Firearm, Robbery in the First Degree with a Firearm, Burglary in the First Degree with a Firearm, Unlawful Use of a Weapon, Felon in Possession of a Firearm, and Unauthorized Use of a Vehicle. Respondent's Exhibit 101. As a result, the trial court sentenced petitioner to two life terms without the possibility of parole, plus another 90 months, with all sentences to run consecutively. Trial Transcript, pp. 2061-65, 2072.

Petitioner directly appealed his convictions, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *State v. Fox*, 159 Or. App. 426, 978 P.2d 459, *rev. denied*, 329 Or. 318, 994 P.2d 123 (1999).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where the PCR trial court denied relief on all of his claims. Respondent's Exhibits 122-24. He next filed a PCR appeal, which the Oregon Court of Appeals dismissed on the basis that it was untimely. Respondent's Exhibit 126. The Oregon Court of Appeals denied petitioner's motion seeking to reinstate his appeal, as well as a subsequent motion for reconsideration. Respondent's Exhibits 127-29.

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on March 2, 2004, raising the following claims:

1. Trial counsel was constitutionally ineffective when he failed to:

    a. Determine whether petitioner's mental condition allowed petitioner to participate meaningfully in his defense

3 - FINDINGS AND RECOMMENDATION

          for the purposes of discussing pretrial strategy and to evaluate potential plea offers;

    b.    Seek an appointment as a guardian for petitioner when petitioner's mental condition made it impossible for him to make competent decisions regarding trial strategy and plea offers;

    c.    Present expert testimony regarding petitioner's mental health to the jury during the guilt phase of the trial; and

    d.    Object to the trial court's imposition of consecutive sentences for his Aggravated Murder convictions;

2.    Petitioner's right to due process under the Fifth and Fourteenth Amendments were violated when the trial court imposed a sentence in excess of, or otherwise not authorized by law, in that the trial court improperly imposed consecutive sentences for both Aggravated Murder convictions.

Respondent asks the court to deny relief on these claims because: (1) all claims are procedurally defaulted; (2) the state findings against petitioner are entitled to deference under 28 U.S.C. § 2254(d) and (e)(2); and (3) all claims lack merit.

## FINDINGS

### I. Unargued Claims

Petitioner does not provide argument to support claims 1(b) and 1(d) alleged in his Petition, and does not attempt to refute the State's arguments in its Response that these claims do not entitle him to relief. The court has nevertheless reviewed petitioner's unargued claims and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of

4 - FINDINGS AND RECOMMENDATION

a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

## II.  **Exhaustion and Procedural Default**

A petitioner seeking habeas relief must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254.  *Rose v. Lundy*, 455 U.S. 509, 519 (1982).  A petitioner must have also presented his claim in a procedural context in which its merits will be considered.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  The exhaustion doctrine is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

In this case, petitioner concedes that his argued claims were not fairly presented to Oregon's state courts and are now procedurally defaulted.  Petitioner's Memorandum of Law Supporting Petition (docket #93), pp. 17, 30.  He argues that his default

should be excused, however, because: (1) he is actually innocent of the crime of Aggravated Murder, as well as of his consecutive true life sentences; (2) no state corrective process allowed him to challenge the consecutive nature of his true life sentences; and (3) his challenge to the imposition of consecutive life sentences as to his Aggravated Murder convictions relies on a newly recognized legal right which he could not have reasonably raised during direct review. The court addresses each argument in turn.

### A.  Actual Innocence

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural default. The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 531 US 999 (2001). The Ninth Circuit has held that "habeas petitioners may pass *Schlup's* test by offering 'newly presented' evidence of innocence." *Griffin v. Johnson*, 350 F.3d 950, 963 (9th Cir. 2003). The meaning of "newly presented" evidence is evidence that was not before the trial court. *Id.*

6 - FINDINGS AND RECOMMENDATION

Ultimately, petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040. In making this determination, this court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332.

According to petitioner, the evidence adduced at trial failed to adequately demonstrate that he intentionally killed Perez, a critical element of Aggravated Murder in Oregon. *State v. Ventris*, 337 Or. App. 283, 293, 96 P.3d 815, 820 (2004). He argues that in the absence of an intentional killing, he is guilty only of the lesser offense of Felony Murder.

The purpose of the actual innocence exception to procedural default is to allow a federal court to assess a petitioner's guilt in light of newly presented evidence of innocence. In this case, petitioner does not attempt to produce any new evidence of innocence. Instead, he relies only on the evidence previously presented during his trial in order to support an alternate defense theory that he refused to allow his trial attorneys to present. Without any new evidence of his innocence, not only is a *Schlup* gateway claim unavailable, but petitioner also is clearly unable to show that no reasonable juror would convict him of Aggravated

7 - FINDINGS AND RECOMMENDATION

Murder based solely on the evidence adduced at trial when, in fact, he was unanimously convicted of two counts of Aggravated Murder.

Petitioner also asserts that he is actually innocent of his consecutive true life sentences for Aggravated Murder. Neither the Supreme Court nor the Ninth Circuit have ever extended the actual innocence exception to non-capital sentences. Indeed, in *Wildman v. Johnson*, 261 F.3d 832, 842 (9th Cir. 2001), the Ninth Circuit rejected a petitioner's attempt to excuse a default when he challenged only the legality of an Oregon court's imposition of consecutive sentences, but did not establish his factual innocence as to his underlying his convictions. Accordingly, this court finds that petitioner's challenge to his sentence amounts to a claim of legal insufficiency, not factual innocence. *See Bousley v. United States*, 523 U.S. 538, 559 (1998) (requiring a showing of factual innocence, not legal insufficiency, to overcome a default).

For all of these reasons, petitioner is not able to excuse his procedural default through a showing of factual innocence.

    B.    **Absence of State Corrective Process**

Petitioner next argues that exhaustion of his second claim for denial of due process should be excused because Oregon failed to provide him with a mechanism through which he could adequately challenge the imposition of his consecutive true life sentences.

A petitioner's failure to fairly present a federal claim to a state's highest court may be excused if "there is an absence of

available State corrective process" or if the processes which are available are "ineffective to protect the rights of the [petitioner]." 28 U.S.C. § 2254 (b)(1)(B). As noted above, petitioner was convicted of two counts of Aggravated Murder and sentenced to consecutive life sentences for the murder of a single person. The two separate convictions were based on two different aggravating felonies: Burglary and Robbery. Petitioner's due process claim in this case challenges the imposition of consecutive sentences based on these alternate theories of Aggravated Murder.

Petitioner raised a state due process claim during direct review in which he argued that the imposition of consecutive true life sentences was improper where there was only a single victim. Respondent's Exhibits 104, 106. At the time of his appeal, Oregon law permitted consecutive sentences "[w]hen the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not[.]" *Former* ORS 161.062(1), *repealed by* Or. Laws 1999, ch. 136 § 1. Also at that time, the Oregon Court of Appeals had interpreted *former* ORS 161.062(1) to authorize the imposition of consecutive true life sentences arising out of separate convictions for Aggravated Murder based on alternate theories. *State v. Barrett*, 153 Or. App. 621, 958 P.2d 215 (1998); *see also State v. Burnell*, 129 Or. App. 105, 109, 877 P.2d 1228 (1997).

9 - FINDINGS AND RECOMMENDATION

Eleven months after the conclusion of petitioner's direct appeal, the Oregon Supreme Court determined that the Oregon Court of Appeals in *Barrett* had misinterpreted *former* ORS 161.062(1). It reversed the Oregon Court of Appeals' decision and held that multiple Aggravated Murder convictions pertaining to the same victim, even if based on different theories of Aggravated Murder, do not justify consecutive sentences. *State v. Barrett*, 331 Or. 27, 10 P.3d 901 (2000).

Based on the Supreme Court's decision in *Barrett*, petitioner attempted to again raise his due process claim during collateral review, but the PCR trial court determined that his "claims of trial court error are barred by *Palmer v. State of Oregon*, 318 Or. 352 (1994), *Lerch v. Cupp*, 9 Or. App. 508 (1972), and *Hunter v. Maass*, 106 Or. App. 438 (1991)." Respondent's Exhibit 123, p. 4. The cases cited by the PCR trial court generally hold that, subject to a few narrowly drawn exceptions not applicable here, a petitioner may not raise a claim in a state post-conviction proceeding which he could have raised during direct review.

Given this procedural history, petitioner asserts that there was no available state remedy to correct his illegal consecutive true life sentences for Aggravated Murder, thus excusing his default. It is clear that petitioner was given the opportunity to present his due process claim during direct review, and that he did, in fact, raise a challenge to Oregon's interpretation of

10 - FINDINGS AND RECOMMENDATION

*former* ORS 161.062(1). Respondent's Exhibits 104, 106. While he did not achieve the result he desired, he cannot assert that he lacked an available forum in which to present his claim.

### C.   **Previously Unavailable Challenge**

Finally, petitioner asserts that exhaustion should be excused because a due process challenge to the imposition of consecutive true life sentences was unavailable at the time of his direct appeal. The Oregon Supreme Court issued its decision in *Barrett* nearly a year after petitioner's direct appeal had become final. Although petitioner was obviously not armed with that decision during the pendency of his appeal, the contents of his Appellant's Supplemental Brief and Petition for Review argue the precise issue raised in *Barrett*. Respondent's Exhibits 104, 106. Therefore, petitioner cannot now argue that he was unable to raise such claims during his direct review. Moreover, the Oregon Supreme Court's decision in *Barrett* has not been applied retroactively to cases on collateral review.

Even if petitioner had not defaulted his due process claim, he would not be entitled to relief. Given the Oregon state courts' interpretation of its own laws at the time of petitioner's criminal trial, the trial court properly applied that law at sentencing. As a result, there was no due process violation in the imposition of the consecutive true life sentences. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the

province of a federal habeas court to reexamine state-court determinations on state-law questions."). Relief on the Petition should therefore be denied.

///

///

///

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #2) should be DENIED, and a judgment should be entered DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due July 2, 2009. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 15th day of June, 2009.

                                      s/   Janice M. Stewart
                                         Janice M. Stewart
                                         United States Magistrate Judge